J S - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-12964-SSS-PD | Date | November 19, 2026 |
| Title | *Alberto Guerrero Marte v. J. Pino* | | |

Present: The Honorable SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: PETITIONER FOR WRIT OF HABEAS CORPUS AND MOTION FOR EXPEDITED TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION [DKT. NOS. 1, 2]**

Petitioner Alberto Guerrero Marte ("Petitioner"), appearing *pro se* and in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution II in Lompoc, California, brings this action for a writ of habeas corpus claiming that BOP is wrongfully denying him earned time credits under the First Step Act ("FSA"). [Dkt. No. 1, Pet.] Petitioner filed a Motion for Expedited Temporary Restraining Order in which he raises the same arguments. [Dkt. No. 2, Mot.] Respondent filed an opposition to the Motion. [Dkt. No. 9, Opp'n]

Earned time credit is a creation of the First Step Act of 2018, Public Law No. 115-391, 132 Stat. 5195. Section 102 of the FSA instructed the Attorney General to create a system to encourage federal prisoners to participate in "evidence-based recidivism reduction" programming. Among the available incentives for those who participate, the BOP is authorized to grant time credits that can be applied toward early release from custody into prerelease custody or supervision. *See* 18 U.S.C. § 3632(d)(4)(C). However, not all individuals in BOP custody are eligible to accrue such credits, and not all individuals who accrue such

credits can apply those credits toward early release from custody. *See generally* 18 U.S.C. § 3632(d)(4)(D); 18 U.S.C. § 3624(g). Relevant here, Congress said that those who have a "final order of removal under any provision of the immigration laws" cannot apply earned time credit toward early release to supervision or toward prerelease custody. 18 U.S.C. § 3632(d)(4)(E)(i), (C).

Here, Petitioner was ordered removed by an immigration judge on November 1, 1995. [Dkt. No. 9-6] "Except when certified to the Board [of Immigration Appeals], the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." 8 U.S.C. § 1003.39. Petitioner waived an appeal. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Nov. 19, 2026) (search A-number XXX XX6 558" and "Dominican Republic (DR)"). Therefore, Petitioner's order of removal is final.

Because there is a final order of removal, Petitioner is not entitled to the relief he seeks. *See Morales-Ramirez v. Arviza*, No. 24-3681, 2025 WL 618362, at *1 (9th Cir. Feb. 26, 2025) (petitioner seeking relief under Section 2241 "is ineligible for application of earned time credits under the FSA because he is subject to a final order of removal."); *see also Rodriguez v. Birkholz*, Case No. 2:24-01579, 2025 WL 714965, at *2 (C.D. Cal. Jan. 28, 2025) (petitioner is subject to final order of removal and thus statutorily ineligible for application of FSA earned time credits).

Accordingly, the Court **DENIES** Petitioner's Petition for Writ of Habeas and, [Dkt No. 1], and **DENIES AS MOOT** Petitioner's Motion for Expedited Temporary Restraining Order. [Dkt. No. 2].

**IT IS SO ORDERED.**